UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

JS-6

| | |
|---|---|
| Case No.  **2:24-cv-09649-HDV-JCx** | Date  February 7, 2025 |
| Title  ***Cindi Arellano Pano v. Ford Motor Company et al.*** | |

Present: The Honorable  Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **IN CHAMBERS—ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11]**

Before the Court is Plaintiff's Motion to Remand ("Motion") [Dkt. No. 11].

Plaintiff argues that the removal of this case was untimely. Plaintiff points to the fact that the Complaint was served over two months before Defendant Ford Motor Company ("Ford") removed and argues that it sufficiently put Ford on notice that the amount in controversy threshold had been met, thereby triggering the statutory 30-day time limit for removal under 28 U.S.C. § 1446(b).

The Court agrees. The Complaint on its face sought restitution damages of $51,185.06—the alleged value of the car—and civil penalties of twice Plaintiff's actual damages. That alone put the amount in controversy well over the $75,000 threshold. Since Ford missed the 30-day removal window triggered by the initial pleading, removal was untimely.

## I. Background

Plaintiff Cindi Arellano Pano filed her complaint in state court on July 23, 2024. Notice of Removal ("NOR"), Ex. A ("Complaint") [Dkt. No. 1-2]. On August 1, 2024, Plaintiff served Defendant Ford with a copy of the complaint and summons. Motion, Declaration of Matthew Treybig in Support of the Motion ("Treybig Decl.") ¶ 6, Ex. 2 [Dkt. Nos. 11-1, 11-2]. Ford filed its Answer on September 3, 2024. NOR, Ex. B. [Dkt. No. 1-3].

Ford then filed the NOR on November 5, 2024. [Dkt. No. 1]. Plaintiff filed the instant Motion on December 2, 2024. [Dkt. No. 11]. On February 6, 2025, the Court heard oral argument and took the matter under submission. [Dkt. No. 20].

## II. Legal Standard

Generally, a civil action filed in state court may properly be removed if there is federal subject-matter jurisdiction at the time of removal. *See* 28 U.S.C. § 1441. A notice of removal must be filed within 30 days of the initial pleading or summons if, using a "reasonable amount of intelligence," the grounds for removability can be ascertained by such pleading or summons. *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013); 28 U.S.C. § 1446(b). The 30-day time limit, although procedural in nature, is mandatory and a successful challenge to removal based on a late notice obligates remand. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

## III. Discussion

Plaintiff contends that its complaint as the "initial pleading" triggered the 30-day removal clock because it is "clearly ascertainable" from its face that the $75,000 amount in controversy threshold had been exceeded. Motion at 6.

The Complaint states that "as reflected in the sales contract, [the vehicle] has an approximate value of $51,185.06." Complaint ¶ 8. The Complaint further alleges that Plaintiff is "entitled to reimbursement" of the value of the vehicle in damages, as well as "a civil penalty of up to two times the amount of actual damages." Complaint ¶¶ 30, 33. Ford responds that the Complaint does not clearly pray for an amount in excess of the jurisdictional threshold, rather the only explicit number included is the value of the vehicle, which is less than $75,000. Opposition to Plaintiff's Motion ("Opposition") at 5.

Ninth Circuit law is clear that "[m]ultiplying figures clearly stated" is a recognized part of using a "reasonable amount of intelligence" for purposes of jurisdictional due diligence. *Kuxhausen*, 707 F.3d at 1140. Put simply: do the math. Here, on a plain reading of the language excerpted above, Plaintiff is seeking $51,185.06 in restitution damages and "two times" this amount in civil penalties, equaling a minimum of $153,555.18. It is therefore beyond cavil that Plaintiff's Complaint satisfied the amount in controversy on its face.

Ford further argues that it was unclear from the face of the Complaint that Plaintiff's place of citizenship established diversity because it only alleged a *residence* of California, and residency is not citizenship, or so the theory goes. Opposition at 7 (citing *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082 (9th Cir. 2014)). But the case Ford cites for this proposition proves the exact opposite. Indeed, the Ninth Circuit implicitly sanctioned the practice of using an individual's residence to establish citizenship for the purposes of pleading diversity jurisdiction. *Carolina Cas. Ins. Co.*, 741 F.3d at 1087 ("[Plaintiff] reported that it was not able to allege the citizenship of some of the individual defendants based on their residency, as there was no information about their residency in the underlying complaints.") (citing *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) ("[A] court should consider the entire record to determine whether evidence of residency can properly establish citizenship.")).

In summary, the 30-day removal clock began when the Complaint was served on August 1, 2024, because on its face it provided all the information necessary to determine that the amount in controversy threshold had been exceeded. Since the Notice of Removal was not filed until three months later, removal was untimely. The matter is not a close one.[1]

The Motion to Remand is granted.

**IT IS SO ORDERED.**

---

[1] Plaintiff cites to various examples where Ford itself has filed notices of removal in this district on similar lemon law cases based on essentially the *same* information (*i.e.*, the value of the vehicle identified in the complaint) that it now argues was insufficient. Motion at 7.